**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| T. D. MOBLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:16-CV-141 (LJA) |
| | : | |
| DENNIS RAY LOGAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Before the Court are Plaintiff's Motion for Default Judgment Against Defendants, Doc. 5, and Motion for Order Setting Hearing, Doc. 6. Plaintiff moves this Court to "set a time and place for a hearing on the amount of damages sustained by [] Plaintiff," and to enter default judgment against Defendants. Docs. 5; 6 at 2. For the reasons stated below, Plaintiff's Motion for Default Judgment, Doc. 5, is **GRANTED in part**, and **DENIED in part**. Plaintiff's Motion for a hearing, Doc. 6, is **GRANTED**.

## BACKGROUND

On August 3, 2016, Plaintiff T.D. Mobley filed a Complaint for damages under 42 U.S.C. § 1983 alleging that Defendants Dennis Ray Logan, a jail officer, and Hilton Brandful, a jail supervisor, in their individual capacities violated her rights under the Eighth and Fourteenth Amendments while Plaintiff was detained at the Pelham Jail, in Pelham, Georgia. Doc. 1 at 1-2. Plaintiff further alleged that Brandful violated her rights under the Fourth and Ninth Amendments and invaded her privacy in violation of Georgia law. Doc. 1 at 1-2, 7.

Plaintiff alleges that Logan coerced Plaintiff into serving as a lookout while Logan engaged in sexual acts with another inmate at the Pelham jail, Doc. 1 ¶¶ 11, 15, and that Logan "was sexually persistent towards Plaintiff and told her he wanted her," making "sexually suggestive comments to Plaintiff two to three times per week" from January 1, 2015 until her release on March 31, 2015. Doc. 1 ¶ 14. Plaintiff alleges that Defendant

Brandful scratched off concealing paint from the window in the women's dormitory and observed Plaintiff partially nude in the shower room. Doc. 1 ¶¶ 17-18. Plaintiff alleges that, according to a prearranged plan, Brandful "then knocked on the [shower] window," and "demanded a show by hand motions and mouthing words. Plaintiff and [other inmates] then proceeded to spank each other while nude and wash each other in the shower per Brandful's directions." Doc. 1 ¶¶ 20-21. Plaintiff alleges that Brandful "required Plaintiff and other female inmates to expose their private parts" and said "derogatory things about Plaintiff's lips and body and would tell Plaintiff he was watching pornography while he was also watching the inmates." Doc. 1 ¶¶ 2, 22.

On August 11, 2016, Defendants were served with a summons and a copy of Plaintiff's Complaint. Docs. 4-1 ¶ 3; 4-2; 4-3. Defendants have failed to plead or otherwise defend the instant suit. *See* Docket. On October 21, 2016, Plaintiff filed an Application to the Clerk of this Court for Entry of Default against Defendants. Doc. 4. On October 24, 2016, the Clerk of Court entered default against Defendants. *See* Docket. On October 27, 2016, Plaintiff filed the Motions. Docs. 5 & 6.

## LEGAL STANDARD

After a default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

The entry of default by the Clerk does not in itself warrant the entry of default judgment by the Court. *See Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "Because of [the] strong policy of determining cases on their merits, [] default judgments are generally disfavored." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (citation omitted). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. There must be sufficient basis in

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the pleadings for the judgment to be entered." *Nishimatsu*, 515 F.2d at 1206; *see Surtain*, 789 F.3d at 1245. A plaintiff establishes a sufficient basis for the entry of a default judgment by pleading adequate facts to "survive a motion to dismiss for failure to state a claim" under Fed. R. Civ. P. 12(b)(6). *Nishimatsu*, 515 F.2d at 1206.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief." *Edwards*, 602 F.3d at 1291 (punctuation omitted).

In ruling on a motion for default judgment, "the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353 (S.D. Ga. 2004)).

## DISCUSSION

### A.    Jurisdiction

The Complaint establishes that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts § 1983 claims arising under the Fourth, Eighth, Ninth, and Fourteenth Amendments. Doc. 1 ¶ 1. The Court exercises its supplemental jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367. Further, the Complaint establishes that the Court has personal jurisdiction over Defendants, as it alleges that Logan and Brandful reside in Mitchell County, Georgia. Doc. 1 ¶¶ 7-8.

### B.    Liability

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

3

under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). Plaintiff has alleged that Defendants were acting under color of state law as employees of the city of Pelham jail. The Court now addresses whether Plaintiff has alleged that an act or omission deprived her of a right, privilege, or immunity secured by the Constitution.

The Court notes that, given the allegations in Plaintiff's Complaint, it is not clear that qualified immunity or other affirmative defenses would bar Plaintiff's action against these Defendants. In a § 1983 action, "[t]o receive qualified immunity, a government official first must prove that he was acting within his discretionary authority," pursuant to the performance of his official duties. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). Courts consider "whether the government employee was (a) pursuing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman v. Harland*, 370 F.3d 1252, 1265-66 (11th Cir. 2004). Here, Defendants have not answered. Thus, they have not asserted a claim for qualified immunity and have, thus, admitted Plaintiff's well-pled allegations. Further, at this stage, it does not appear that Defendants were pursuing legitimate job-related functions when the events alleged in the Complaint occurred.

"Under Georgia law, a [county or municipal] employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure." *Williams v. Pauley*, 768 S.E.2d 546, 547 (Ga. Ct. App. 2015) (citation omitted). "In the context of official immunity, actual malice requires a deliberate intention to do wrong and denotes express malice or malice in fact." *Selvy v. Morrison*, 665 S.E.2d 401, 404-05 (Ga. Ct. App. 2008) (citation and punctuation omitted). "A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs." *Id.* Here, as noted above, Defendants have not answered. Thus, they have not asserted a claim for official immunity and have, thus, admitted Plaintiff's well-pled allegations. Further, the Court finds that Plaintiff has alleged facts sufficient to show that Defendants acted with actual malice.

## 1. Eighth and Fourteenth Amendment claims

Actions filed by an inmate under 42 U.S.C. § 1983, asserting sexual harassment, assault, or other related claims are properly brought under the Eighth Amendment. *See Boxer X v. Harris*, 437 F.3d 1107 (11th Cir. 2006). Plaintiff also seeks the substantive protections of due process contained in the Fourteenth Amendment. Because, however, "the Due Process Clause affords [prisoners] no greater protection than does the Cruel and Unusual Punishments Clause," Plaintiff's claims brought under the Due Process Clause of the Fourteenth Amendment will be analyzed solely under the Eighth Amendment. *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

In the context of a prisoner's conditions of confinement during incarceration, prison officials violate the Eighth Amendment, which forbids the imposition of cruel and unusual punishment through "the unnecessary and wanton infliction of pain." *Boxer X*, 437 F.3d at 1111 (punctuation omitted). Severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment. *Id.* "Sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* (citation and punctuation omitted).

The standard applied to an Eighth Amendment claim uses "an objective component of the inquiry, which requires that the injury be objectively, sufficiently serious, and a subjective component, which requires the prison official have a sufficiently culpable state of mind." *Id.* An injury can be "objectively, sufficiently serious" only if there is more than *de minimis* injury. *Id.* In *Boxer X*, the Court held that "a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal," did not present more than a *de minimis* injury, and thus, the Eight Amendment was not implicated. *Id.*

Here, like the allegations in *Boxer X*, Plaintiff's allegations that Logan (1) coerced Plaintiff into being a lookout while Logan engaged in sexual conduct with another inmate and (2) made sexually suggestive comments to Plaintiff over a period of three months do not present more than a *de minimis* injury under the Eighth Amendment. Thus, Plaintiff's Eighth

and Fourteenth Amendment claims against Defendant Logan fail to state a claim upon which relief can be granted.

Plaintiff's claims against Brandful are another matter. Plaintiff alleges that Brandful, while observing Plaintiff, directed Plaintiff and fellow inmates to spank and wash each other while nude and required Plaintiff and other female inmates to expose their genitalia. On the facts as alleged in the Complaint, the Court finds that Plaintiff's allegations constitute objectively serious sexual abuse by Brandful that resulted in more than a *de minimis* injury. Further, the Court finds that, given the nature of the abuse alleged in the Complaint, Brandful possessed a sufficiently culpable state of mind. Thus, Plaintiff has stated a claim against Brandful under the Eighth Amendment.

### 2. Ninth and Fourth Amendment claims against Brandful

Plaintiff claims a right to privacy under the Ninth Amendment. "The Ninth Amendment standing alone provides no particular constitutionally guaranteed freedoms. It does not confer any rights beyond those granted by other portions of the Constitution." *Hightower v. Olmstead*, 959 F. Supp. 1549, 1557-58 (N.D. Ga. 1996), *aff'd* 166 F.3d 351 (11th Cir.1998) (citations omitted). Thus, Plaintiff's Ninth Amendment claim will be analyzed in the Fourth Amendment context.

Prisoners retain a "constitutional right to bodily privacy because most people have a special sense of privacy in their genitals." *Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993) (punctuation omitted); *see also Boxer X*, 437 F.3d at 1110-11 (holding allegations of solicited masturbation stated a § 1983 claim for violation of privacy). "[W]hen a prison regulation or policy impinges on inmate's constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Harris v. Thigpen*, 941 F.2d 1495, 1515 (11th Cir. 1991). The Eleventh Circuit uses four factors in the reasonableness review of prison regulations:

> a) whether there is a valid, rational connection between the regulation and a legitimate government interest put forward to justify it; (b) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (c) whether and the extent to which

> accommodation of the asserted right will have an impact on prison staff,
> inmates and the allocation of prison resources generally; and (d) whether
> the regulation represents an exaggerated response to prison concerns.

*Fortner*, 983 F.2d at 1030 (punctuation omitted); *see Harris*, 941 F.2d at 1516. Under the Fourth Amendment, the search of inmates generally constitutes a legitimate penological interest. *See, e.g., Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 327 (2012).

Applying these factors, the Court finds that Brandful's actions served no rational connection to a legitimate government interest. Plaintiff's allegations, taken as true, show that Brandful, while observing Plaintiff, solicited Plaintiff and fellow inmates to spank and wash each other while nude and required Plaintiff and other female inmates to expose their genitalia. These actions serve no legitimate penological interest. Thus, under *Boxer X*, Plaintiff "has stated a § 1983 claim for violation of [her] privacy rights" against Brandful. 437 F.3d at 1111.

### 3. State law Invasion of Privacy claim against Brandful

Under Georgia law, the invasion of one's right to privacy is actionable under four loosely related but distinct torts: (1) unreasonable "intrusion upon the plaintiff's seclusion or solitude, or into [her] private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Cabaniss v. Hipsley*, 151 S.E.2d 496, 500 (Ga. Ct. App. 1966). Construed in the light most favorable to Plaintiff, Plaintiff's Complaint alleges the tort of intrusion upon the Plaintiff's seclusion or solitude, or into her private affairs. *See* Doc. 1 at 7.

"The unreasonable intrusion aspect of the invasion of privacy involves a prying or intrusion, which would be offensive or objectionable to a reasonable person, into a person's private concerns." *Yarbray v. S. Bell Tel. & Tel. Co.*, 409 S.E.2d 835, 837 (Ga. 1991) (citation and punctuation omitted). In Georgia, while "[h]ighly personal questions . . . by a person in authority may be regarded as an intrusion on psychological solitude or integrity and hence an invasion of privacy, . . . [t]here are some shocks, inconveniences and annoyances which

members of society in the nature of things must absorb without the right of redress." *Id.* A plaintiff's privacy rights must "accord with . . . the rights of any person who may be properly interested in the matters which are claimed to be of purely private concern." *Elmore v. Atl. Zayre, Inc.*, 341 S.E.2d 905, 906 (Ga. Ct. App. 1986). Here, the Court finds that Brandful's conduct—instructing Plaintiff and other inmates to expose their genitalia and spank and wash each other in the shower while Brandful watched—was offensive to a reasonable person, went beyond mere inconvenience, and served no proper penological interest. Thus, Plaintiff has stated a claim against Brandful for intrusion upon Plaintiff's private affairs under Georgia law.

Given that Plaintiff has alleged facts that state a claim against Defendant Brandful under the Eighth Amendment and for a violation of her privacy rights under the Fourth Amendment and under Georgia law, Plaintiff has adequately set forth Brandful's liability. Thus, there is a "sufficient basis in the pleadings for the [default] judgment to be entered," against Brandful. *Nishimatsu*, 515 F.2d at 1206.

**C.    Damages**

Even where the entry of default judgment is appropriate, the Court must hold an evidentiary hearing to determine damages unless all essential evidence is already on the record. *See* Fed. R. Civ. P. 55(b)(2); *see also S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Because the record is lacking in essential evidence regarding damages against Brandful, the Court must hold an evidentiary hearing to determine damages. As Plaintiff has failed adequately to allege facts establishing Logan's liability, the Court need not address damages against him. *Nishimatsu*, 515 F.2d at 1206.

CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment, Doc. 5, is **GRANTED in part**, and **DENIED in part**. Default judgment is **GRANTED** on Plaintiff's claim alleging cruel and unusual punishment and Plaintiff's federal and state law invasion of privacy claims against Defendant Brandful. All claims against Defendant Logan are **DISMISSED**. Plaintiff's Motion for a hearing, Doc. 6, is **GRANTED**. The Court will hold a **HEARING on damages** on Tuesday, July 25, 2017, at 10:00 a.m. in the Albany Division.

**SO ORDERED**, this 4th day of May, 2017.

_____/s/ Leslie J. Abrams_____
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**